PHILLIP A. TALBERT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-166-JAM |
| Plaintiff, | STIPULATION TO CORRECT SENTENCE; ORDER |
| v. | |
| HERMENEGILDO MANUEL MEJORADO-SOTO, | |
| Defendant. | |

The defendant, Hermenegildo Manuel Mejorado-Soto was sentenced on February 8, 2022. Since then, the parties became aware that the Court imposed a term of supervised release of 36 months (unsupervised, if deported), while the statute of conviction requires a term of 60 months. The Probation Officer noticed this error and discovered that it reflected an error in the pre-sentence report ("PSR"). Specifically, while page 3 of the PSR recommended a five-year term of supervised release, the PSR recommended 36 months of supervised release in the final recommendation on page 23. In order to correct this clear error, the parties hereby agree and stipulate as follows:

    1. The Court has jurisdiction to correct a clear error in a sentence within 14 days after sentencing. *See* Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.").

2. The statute of conviction requires the Court to "impose a term of supervised release of at least 5 years." 21 U.S.C. § 841(b)(1)(A).

3. Where the oral sentence does not include a term that is mandated by statute, that term should be included in the written judgment pursuant to Rule 35. *See, e.g., United States v. Johns*, 435 F. App'x 628, 629 (9th Cir. 2011); *United States v. Colace*, 126 F.3d 1229, 1231 (9th Cir. 1997); *United States v. Mack*, 494 F.2d 1204, 1207 (9th Cir. 1974) (quoting *United States v. Bozza*, 330 U.S. 160, 166-67 (1947); *United States v. Clark*, 538 F.3d 803 (7th Cir. 2008).

4. Accordingly, the written judgment in this case should include a term of supervised release of 60 months (unsupervised, if deported).

IT IS SO STIPULATED.

Dated: February 11, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ DAVID W. SPENCER
DAVID W. SPENCER
Assistant United States Attorney

Dated: February 11, 2022

/s/ LUPE MARTINEZ
LUPE MARTINEZ
SHANNAN DUGAN
Counsel for Defendant
HERMENEGILDO MANUEL
MEJORADO-SOTO

STIPULATION TO CORRECT SENTENCE    2

**FINDINGS AND ORDER**

For the reasons stated in the parties' stipulation, and good cause having been shown,

IT IS HEREBY ORDERED that pursuant to Federal Rule of Criminal Procedure 35, the judgment and sentence in the above-captioned matter shall be amended to include a term of supervised release of 60 months (unsupervised, if deported).

IT IS SO FOUND AND ORDERED this 14th day of February, 2022.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE